NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>v.<br><br>JAMES RICHARD CULMER,<br><br>                           Defendant. | **OPINION**<br>2:12-cr-000489 (WHW) |

**Walls, Senior District Judge**

This matter comes before the court by Defendant Culmer's April 26, 2018 motion for reduction of sentence. ECF No. 25. For the reasons that follow, Defendant's motion is granted.

**Discussion**

The Court assumes the parties' familiarity with the facts and recounts them only as necessary. On July 11, 2012, Defendant Culmer pleaded guilty to a one-count indictment which charged him with conspiring to possess with intent to distribute one kilogram or more of heroin under U.S.C. 21 § 841(a)(1) and (b)(1)(A), as well as U.S.C. 21 § 846. ECF No. 13. On January 8, 2013, Defendant was sentenced to 192 months of imprisonment with five years of supervised release, as well as a $17,500 fine and a $100 assessment. ECF No. 16 at 30:16-32:12.

At the time of sentencing, the applicable guideline provided a base offense level of 32 with a criminal history category of 5. *Id.* at 30:19-20. This produced a guideline range of 188-235 months. This Court recognized that Mr. Culmer was "accountable for less heroin" than his other co-conspirators and did not have a high rank in the criminal organization, and that he himself was affected by a heroin addiction. *Id.* at 29:4-19. Mr. Culmer was then sentenced to 192 months, the very low end of the range. *Id.* at 30:23.

1

After Defendant was sentenced, the United States Sentencing Commission amended United States Sentencing Guidelines § 1B1.10 by reducing the base level offense by two offense levels, and on July 18, 2014 made these reductions retroactive.

Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). That section provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the commission.

Application of § 3582(c) proceeds in two steps. "First, a district court must determine whether a prisoner is eligible for sentence modification." *U.S. v. Toledo*, 643 F. App'x 145, 148 (3d Cir. 2016). "Second, if a defendant is eligible for a reduction, the district court considers 'any applicable § 3553(a) factors' to determine if the reduction is authorized 'in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *U.S. v. Dillon*, 560 U.S. 817, 827 (2010)). Those factors are:

1. The nature and circumstances of the offence and the history and characteristics of the defendant;
2. The need for the sentence imposed
3. The kinds of sentences available
4. The kinds of sentence and the sentencing range established [under the guidelines]
5. Any pertinent policy statement [of the Sentencing Commission]
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. The need to provide restitution to any victims of the offense.

Based on the charges Mr. Culmer pled to, he is eligible for a sentence reduction. Having considered the § 3553(a) factors, especially the applicable policy statements of the Commission under subsection (5), the Court finds that a modification is appropriate.

The Sentencing Commission amended the guideline range in part to alleviate the burden on the Federal Bureau of Prisons resulting from lengthy drug-related sentences. United States Sentencing Commission, *Guidelines Manual, Supplement to Appendix C.*, 72 (Nov. 1, 2016). Balancing the value of public safety against concerns about overcrowding in prison, the Commission found that the two-point reduction in drug penalties is not likely to increase the risk of recidivism and "should not jeopardize public safety." *Id.*, at 73. The Commission's finding on this issue indicate that the modified sentence is sufficient to "protect the public from further crimes of the defendant" under § 3553(a)(2).

As this Court stated at Mr. Culmer's sentencing: "Th[is] punishment should sting, but it should not be Draconian." ECF No. 16 at 29:22-23. Based on the Commission's findings, Mr. Culmer's sentence should more appropriately be considered under offense level 30 with a criminal history of 5, significantly changing his sentencing range to 151-188 months. Having considered the § 3553(a) factors, including the applicable policy statements of the Commission, the Court finds that a sentence of imprisonment of 151 months is sufficient, but not greater than necessary, to comply with the purposes of the sentence.

## Conclusion

The Court finds that a modification to Defendant's sentence is appropriate, and imposes a modified sentence of 151 months of imprisonment. An appropriate order follows.

DATE: 21 August 2018

William H. Walls
Senior United States District Court Judge

3